## THOMAS *v.* CRAWFORD.

DEEDS—MENTAL INCAPACITY—GRANT TO MARRIED WOMAN—CON-
SIDERATION.

Complainant, an aged woman, incapable, from grief over the recent death of her husband, of understanding the nature of business transactions, gave to defendant a deed of her property, in consideration of her support during life and burial at death.   The grantee was a married woman, and, while her husband participated in the negotiations, he did not obligate himself to fulfill the wife's agreement as recited in the deed. No separate instrument binding defendant was executed, and the deed did not correctly represent the bargain which defendant's own testimony showed was made.   *Held*, that it should be set aside.

Appeal from Hillsdale; Peck, J., presiding.   Submitted June 17, 1898.   Decided September 27, 1898.

Bill by Mary Thomas against Lucinda Crawford to set aside a deed.   From a decree for complainant, defendant appeals.   Affirmed.

*Frankhauser & Cornell*, for complainant.

*Mains & Cavanagh*, for defendant.

MONTGOMERY, J.   Bill filed to set aside a conveyance on the grounds of undue influence and mental weakness. The court below granted the relief prayed, and defendant appeals.

The complainant is a widow, and at the date of the con-

veyance was 74 years old. The evidence shows that she, as Dr. Howard, a witness for the defendant, expressed it, "is a nervous, fidgety woman, troubled with nervous prostration at times." About a week after her husband's decease the conveyance in question was made, transferring all the real estate which the complainant had to the defendant, who is not a relative. The deed recited a consideration "of her [grantor's] support during her natural life, and her burial at death, by said second party." It was accompanied by no separate agreement. The complainant's testimony tends to show that she was, at the time this deed was made, so overcome by grief that she was incapable of understanding the transaction, and did not, in fact, understand that she had conveyed away the fee of the land. The testimony on the part of the defense indicates that the negotiations were conducted with defendant and her husband, and no satisfactory reason is shown why the husband was not obligated in some way to fulfill the engagement to care for complainant. The circuit judge was of the opinion that the deed did not protect the complainant, or correctly represent the bargain which defendant's testimony shows was made, and that the complainant did not understand the legal effect of the conveyance.

We are fully satisfied that the circuit judge reached the correct result. The case, in many of its features, is similar to *Crips* v. *Towsley*, 73 Mich. 399. The court found that defendant had been fully compensated for the care of complainant for the time she remained with her, and in this we also concur.

The decree will be affirmed, with costs.

The other Justices concurred.